El Pueblo de Puerto Rico, demandante y apelado, *v.* Gabriel Herrera, acusado y apelante.

No. 4354.—*Sometido:* Marzo 10, 1931. *Resuelto:* Marzo 27, 1931.

*A. Reyes Delgado,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal. La denuncia en este caso lee como sigue:

"Yo, Rafael B. Díaz, J. D., vecino de Arecibo, P. R., calle Gonzalo Marín número 38, de mayor edad, formulo denuncia contra Gabriel Herrera por delito de inf. al artículo 433 del Código Penal de P. R., cometido de la manera siguiente: Que en 19 de agosto de 1930 y en el poblado Jareales, del Bo. Cambalache, de Arecibo, dentro del distrito judicial del mismo nombre, el referido acusado Gabriel Herrera, allí y entonces, ilegal, voluntaria y maliciosamente, habiéndose encontrado tres monedas de oro españolas, de a un cuarto de onza cada una, que tenían un valor de $10.00, el acusado no practicó diligencias algunas para restituirlas a su legítimo dueño, ni las entregó a las autoridades correspondientes, apropiándose el hallazgo, y cuyas monedas entregó más tarde a Manuel Ríos Reyes para que se las liquidara, todo sin haber practicado justas y razonables diligencias para encontrar al dueño y devolverle su propiedad, las que pertenecían al Sr. José Matienzo, y eran producto de un escalamiento perpetrado en la casa de éste pocos días antes de que el acusado las encontrara. Las referidas monedas fueron ocupadas en poder de Manuel Ríos Reyes y se ponen a disposición de la Hon. Corte como evidencia del caso."

Así, pues, el fundamento del delito, según indica el apelante, fué que el acusado se halló tres monedas españolas que tenían un valor de diez dólares, que le habían sido hurtadas a Matienzo, las que eran producto de un escalamiento perpetrado en la casa de José Matienzo; que el acusado no hizo esfuerzos para averiguar el verdadero dueño o para entregar el dinero a las autoridades; que se apropió del dinero. El artículo 622 del Código Civil impone el deber a una persona que hallare bienes muebles de restituirlos a su anterior poseedor o en su defecto al alcalde del pueblo.

El artículo 433 del Código Penal lee así:

"La persona que encontrare alguna cosa perdida, bajo circunstancias que le dieren indicio de su legítimo dueño, o le facilitaren el medio de averiguarlo, y se apropiare el hallazgo, bien para su uso particular, bien para el de otra persona, sin haber practicado las diligencias del caso para encontrar el dueño y devolverle su propiedad, será culpable de hurto, y será castigado con la pena correspondiente."

Bajo el artículo 622 del Código Civil, *supra,* la persona que se halla bienes muebles está en la obligación de hacer ciertas cosas que se especifican en el citado artículo. El deber es muy general.

Sin embargo, el deber que surge bajo el Código Penal es distinto. Bajo dicho código una persona es solamente culpable de un delito si deja de devolver los bienes bajo circunstancias que le dieren indicio de su legítimo dueño. Si dejan de existir estas circunstancias no hay delito. Esta es la tendencia de todas las autoridades citadas tanto por el apelante como por el fiscal, quien igualmente sugiere la revocación. 17 R.C.L. 38, 39; *Com.* v. *Titus,* 17 Am. Rep. 138 y nota; *Bailey* v. *State,* 21 Am. Rep. 182; *Griggs* v. *State,* 29 Am. Rep. 762; *Reed* v. *State,* 34 Am. Rep. 732.

*La sentencia apelada debe ser revocada.*